UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK LOUMENA,<br><br>    Plaintiff,<br><br>    v.<br><br>PAMELA KENNEDY, et al.,<br><br>    Defendants. | Case No. 5:14-cv-04165-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 4 |

Defendants Walter P. Hammon and Travis I. Krepelka move to dismiss the complaint of Plaintiff Jack Loumena on the basis that Hammon and Krepelka are not state actors, as required for a 42 U.S.C. § 1983 claim, and that Jack Loumena's claim is barred by the *Rooker-Feldman* doctrine. ECF No. 4 ("Mot."); ECF No. 1 ("Compl."). Defendants also request that the Court take judicial notice of various filings in related state and federal cases. ECF No. 5 ("RJN"). The Court finds this matter suitable for decision on the papers pursuant to Civil Local Rule 7-1(b), and hereby VACATES the hearing set for March 12, 2015 at 1:30 p.m. Having considered the submissions of the parties and the relevant law, the Court hereby GRANTS Defendants' Motion to Dismiss and GRANTS the request for judicial notice.

ORDER GRANTING MOTION TO DISMISS
5:14-cv-04165-LHK        1

## I. BACKGROUND

### A. Factual Allegations

This case arises out of the state court divorce proceedings between Plaintiff Jack Loumena's mother, Wylmina E. Hettinga, and father, Timothy Loumena. The state divorce case has been ongoing since 2005. *See* RJN Ex. D (Docket from Santa Clara County Superior Court Case No. 1-05-FL-127695). The Complaint alleges one cause of action: a violation of Jack Loumena's civil rights under 42 U.S.C. § 1983. Compl. at 6. The Complaint alleges that Defendants "in the Agency Relationship acted under the color of state law to deprive Plaintiff of his Property" in violation of his Fourth, Fifth, and Fourteenth Amendment rights. Compl. ¶ 30.

The allegations in the Complaint relate to the state court-ordered sale of the Hettinga-Loumena family home ("the Property"). *Id.* at ¶ 17; ECF No. 5-1 (RJN Ex. A.) at 1 ("The family residence located at 21251 Almaden Road, San Jose, CA is treated as community property."). Plaintiff, who is *pro se*, alleges that Defendants acted under color of law and in an "agency relationship" to transfer Hettinga's interest(s) in the Property to Loumena, who then sold the property to third parties. Compl. ¶¶ 17, 19. The Complaint further states that Pacific Almaden Investments, LLC ("PAI") did not receive any "valuable consideration" from the sale of the Property. *Id.* ¶ 20. According to the Complaint, the property was sold to third party bidders, even though PAI was the highest bidder. *Id.* ¶ 21.

PAI "is a limited liability corporation which was originally owned, at least in part, by . . . Timothy Tibbott. Mr. Tibbott was the former live in boyfriend of [Ms. Hettinga]." RJN Ex. F (Aug. 25, 2014 Order) at 5. PAI also appears to involve Hettinga's brother, Joel Hettinga. *Id.* at 4. Hettinga attempted to transfer her interest in the Property to PAI by executing quitclaim deeds signed only by herself and not by Loumena. *Id.* The state court found that "the transfers executed by [Hettinga] in her attempts to transfer title to the former family residence violated the Automatic Temporary Restraining Orders" under Family Code § 2040. *Id.* at 6. The transfers were also in violation of Hettinga's fiduciary duty to Loumena. *Id.* at 12. Accordingly, the state

ORDER GRANTING MOTION TO DISMISS
5:14-cv-04165-LHK                                         2

court found "that the series of deeds . . . were void and of no force and effect," leaving PAI without any interest in the Property. *Id.*

Documents from the state court divorce case also reveal that the state court repeatedly ordered that the property be sold, with the proceeds to be placed in a trust account. *See* Mot. at 3-4. In an order filed January 23, 2013, the state court wrote:

> This Court previously ordered this property sold on 1 September 2011 (order filed 28 March 2012). Under that Order, Respondent Timothy Loumena was to select the realtor, both parties were to sign any and all necessary paperwork, and the net proceeds were to be placed into an interest-bearing trust account. The Court reiterates and modifies that Order as follows:
>
> (a) The property shall be listed and sold forthwith. The listing agent shall be the individual named on the record by Mr. Loumena – Scott Raley of Customer Service Realty. Mr. Loumena shall be the sole lister of the property.
>
> (b) Mr. Loumena shall work with the realtor to prepare the property for sale and make decisions concerning the appropriate list price, what to do with offers received, and any other necessary elements of the sales process. . . . As to any documents requiring any signatures from Ms. Hettinga, . . . Mr. Loumena shall provide them, and those parties shall promptly sign and return the documents to Mr. Loumena. If three (3) days after presenting the documents, Mr. Loumena has not received the necessary signatures, he may bring the documents to Department 83 for the Court Clerk to sign as elisor on behalf of Ms. Hettinga, . . . .
>
> (c) All net sales proceeds shall be immediately placed in a blocked, interest-bearing trust account, and shall not be released in any fashion absent further Court Order.
>
> (d) The Court expressly reserves jurisdiction over all parties' respective interests, if any, in the proceeds, which shall be determined after the sale and deposit of proceeds into a trust account.

RJN Ex. C (Jan. 23, 2013 Order) at 2. Pursuant to the January 23, 2013 state court order, Mr. Loumena was required to have the court clerk, defendant Kennedy, sign as elisor on behalf of plaintiff. *See* Compl. Exs. A and B (recorded Grant Deeds showing transfers from Hettinga and PAI to Loumena, signed by Ms. Kennedy). The Property was then sold by Loumena to a third party. Compl. Ex. C (Grant Deed). The state court later found that "the sale to the third party

ORDER GRANTING MOTION TO DISMISS
5:14-cv-04165-LHK                                    3

buyers was proper, final, and in full compliance with all prior orders to sell the subject property." Aug. 25, 2014 Order at 3. The state court also divided the proceeds of the sale between Loumena and Hettinga. *Id.* at 3, 22.

Plaintiff now alleges that the Defendants acted together to sell the Property and deprived him of the proceeds of that sale, to which he was entitled through his "inheritance." Compl. at ¶¶ 23, 31.

### B. Prior Litigation Involving the Hettinga-Loumena Divorce

This is now the sixth case in this district filed by either Wylmina Hettinga or Jack Loumena. *See Hettinga v. Loumena,* No. 13-CV-2217-RMW, 2014 WL 4955187, at *4 (N.D. Cal. Sept. 30, 2014) (Order Declaring Plaintiff [Wylmina Hettinga] to be a Vexatious Litigant) (listing four cases involving Wylmina Hettinga: *Hettinga v. Orlando, et al.*, No. 09-CV-00253-JW; *Hettinga v. Hammon, et al.*, No. 09-CV-06040-JW; *Hettinga, et al. v. Loumena, et al.*, No. 10-CV-02975-JSW; *Pacific Almaden Investments, LLC v. Hettinga, et al.*, No. 14-CV-01631-RMW). All five of the prior cases were dismissed for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine. *Id.* Ms. Hettinga has now been declared a vexatious litigant in this district, and is subject to a pre-filing review of all her future filings. "The Clerk of this court may not file or accept any further complaints filed by or on behalf of Wylmina Hettinga as a named plaintiff that arise out of facts related to plaintiff's divorce case." *Hettinga,* 2014 WL 4955187, at *4.

### C. Procedural Background

Plaintiff filed his Complaint on September 16, 2014. ECF No. 1. The Complaint names six defendants: Pamela Kennedy, Clerk of the Santa Clara County Superior Court; Walter Hammon, an attorney appointed by the state court to represent Hettinga and Loumena's four minor children; Travis Krepelka, Loumena's attorney; Scott Raley, the court-appointed real estate listing agent; Chicago Title Company, which was involved in the sale of the property; and Jeanie O'Connor, who has some relationship with Chicago Title Company.

Defendants Hammon and Krepelka filed the instant Motion to Dismiss and Request for

ORDER GRANTING MOTION TO DISMISS
5:14-cv-04165-LHK                4

1  Judicial Notice on November 3, 2014.  ECF Nos. 3, 5.  Plaintiff's Opposition to the Motion to

2  Dismiss was due on November 17, 2014.  On November 14, 2014, Jack Loumena declined to

3  consent to proceed before a Magistrate Judge.  ECF No. 9.  Jack Loumena did not file any

4  Opposition to the Motion to Dismiss.  After the case was reassigned to the Undersigned,

5  summons[1] were issued to the defendants, and the hearing on the Motion to Dismiss was renoticed

6  for March 12, 2015.  ECF No. 19.  The deadlines for responding to the Motion were not changed.

7  *Id.*

8  On February 4, 2015, the Court issued an Order to Show Cause Why Case Should Not Be

9  Dismissed for Failure to Prosecute, as Plaintiff had failed to oppose the Motion to Dismiss for

10 over three months.  ECF No. 20.  Plaintiff responded on February 18, 2015 by stating that

11 "Plaintiff has diligently and with great effort pursued discovery and has engaged in settlement

12 negotiations with Defendant Walter P Hammon in particular."  ECF No. 21 at 1.  The response

13 also notes that "The Court's file in this case now reflect [sic] a first amended complaint that

14 provides the actual results of the discovery . . ." *Id.* at 2.  However, no amended complaint has

15 been filed in this case.  Because Plaintiff responded to the Order to Show Cause, the Court did not

16 dismiss the case for failure to prosecute.  ECF No. 25 at 1.  However, Plaintiff's response did not

17 explain why Plaintiff had failed to oppose the Motion to Dismiss.  Thus, the Court declined to

18 consider any further briefing on the motion.  *Id*.  The Court now proceeds to decide the Motion to

19 Dismiss on the merits.

20 **II. LEGAL STANDARD**

21 A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal

22 sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In considering

---

[1] Defendants Scott Raley, Pamela Kennedy, Jeanie O'Connor, and Chicago Title Company have not yet been served.  Plaintiff has until March 17, 2015 to serve the summons on these defendants. Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").  In Plaintiff's Response to the Court's Order to Show Cause, he stated that he "served summons on the Defendants this year," but no proofs of service have been filed.  ECF No. 21 at 1.

ORDER GRANTING MOTION TO DISMISS
5:14-cv-04165-LHK                            5

whether the complaint is sufficient to state a claim, the Court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the Court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. ANALYSIS

### A. Request for Judicial Notice

The Court first addresses Defendants' request for judicial notice. Although a district court generally may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, the Court may take judicial notice of documents referenced in the complaint, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment. *See Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001), overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002). In addition, the Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records, including judgments and other court documents, are proper subjects of judicial notice. *See, e.g., United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). Records filed with a county recorder are also judicially noticeable as undisputed public records. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004).

ORDER GRANTING MOTION TO DISMISS
5:14-cv-04165-LHK                                                                 6

1    Defendants request judicial notice of various orders in related state and federal court
2    proceedings. *See* ECF Nos. 5-1, 5-2, 5-3, 5-5, 5-6, 5-8, and 5-10. Defendants also request judicial
3    notice of complaints and other filings in related state and federal court proceedings. *See* ECF No.
4    5-4 (Public Access Civil Case Information Website printout for Santa Clara County Superior
5    Court Case No. 1-05-FL-127695); ECF No. 5-7 (First Amended Complaint in Case No. 13-CV-
6    02217-RMW); ECF No. 5-9 (Cross-complaint in Case No. 14-CV-01631-RMW). The Court
7    GRANTS the request for judicial notice, as these are filings in related state and federal court
8    proceedings. *See Black*, 482 F.3d at 1041.

### B. Defendants' Motion to Dismiss

Defendants move to dismiss on two grounds: (1) that neither Hammon nor Krepelka is a state actor; (2) that the Court lacks subject matter jurisdiction over the case pursuant to the *Rooker-Feldman* doctrine. Because the Court finds that it lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, the Court need not address defendants' other argument.

Under the *Rooker-Feldman* doctrine, a federal district court has no authority to review the final determinations of a state court in judicial proceedings. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). "The purpose of the doctrine is to protect state judgments from collateral federal attack. Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence called upon to review the state court decision.'" *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (quoting *Feldman*, 460 U.S. at 482 n.16). The *Rooker-Feldman* doctrine precludes not only review of decisions of the state's highest court, but also those of its lower courts. *See Dubinka v. Judges of Superior Court*, 23 F.3d 218, 221 (9th Cir. 1994). A challenge under the *Rooker-Feldman* doctrine is a challenge for lack of subject matter jurisdiction. *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 937 (9th Cir. 1998).

The *Rooker-Feldman* doctrine applies when a plaintiff in federal court alleges a "de facto appeal" by (1) asserting errors by the state court as an injury, and (2) seeking relief from the state

ORDER GRANTING MOTION TO DISMISS
5:14-cv-04165-LHK                      7

court judgment as a remedy. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139-40 (9th Cir. 2004). "A federal action constitutes such a *de facto* appeal where 'claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules.'" *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)).

In this case, Plaintiff brings a § 1983 claim based on the state court's alleged violation of Plaintiff's Fourth, Fifth, and Fourteenth Amendment rights in ordering and executing the sale of the family property. Compl. ¶¶ 25-32. Plaintiff asserts that this interfered with his inheritance. *Id.* at ¶ 30 ("This Property was an inheritance from Plaintiff's grandmother and there is no other place like it on earth"). Plaintiff seeks relief in the form of monetary damages. *Id.* at ¶ 33.

Although not entirely clear from the Complaint, Plaintiff appears to challenge (1) the state court's order to sell the Property, (2) the sale of the Property to third-party buyers instead of to PAI, and (3) the distribution of the proceeds from the sale. All three challenges are barred by the *Rooker-Feldman* doctrine.

First, to the extent that Plaintiff is challenging the sale of the Property, that would constitute a collateral attack on the state court's order directing the property to be sold. The state court ordered that "The property shall be listed and sold forthwith. The listing agent shall be the individual named on the record by Mr. Loumena – Scott Raley of Customer Service Realty. Mr. Loumena shall be the sole lister of the property." Jan. 23, 2013 Order at 2. In order to review the propriety of the sale of the property, this Court would have to review the state court's January 23, 2013 Order. However, "when a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto appeal." *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003). This is exactly the case here, where Jack Loumena, arguably "losing" in state court, asserts that the order to sell the Property violated his Constitutional rights. Compl. ¶ 31. The case is "a forbidden de facto appeal." *Noel*, 341 F.3d at

ORDER GRANTING MOTION TO DISMISS
5:14-cv-04165-LHK                 8

1156.

Second, as to Plaintiff's complaint that the property was sold to third party buyers, the state court expressly ruled that "the sale to the third party buyers was proper, final, and in full compliance with all prior orders to sell the subject property." Aug. 25, 2014 Order at 3. Given the state court's express ruling, this Court cannot review whether PAI was a higher bidder or whether the Property should have been sold to PAI without reviewing the state court's ruling. Such a review is forbidden by the *Rooker-Feldman* doctrine. "A federal action constitutes such a *de facto* appeal where claims raised in the federal court action are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Reusser*, 525 F.3d at 859 (citation and quotation omitted).

Finally, to the extent that Plaintiff challenges the distribution of the proceeds from the sale, that is also a challenge to the state court's order requiring that the funds be placed in a trust and distributed at the court's direction. "The *Rooker-Feldman* doctrine, generally speaking, bars a plaintiff from bringing a § 1983 suit to remedy an injury inflicted by the state court's decision." *Jensen v. Foley*, 295 F.3d 745, 747 (7th Cir. 2002). The state court divided the proceeds of the sale between Loumena and Hettinga, and directed that Hettinga's attorney distribute the funds only in accordance with the state court's order. Aug. 25, 2014 Order at 3, 22. Thus, this Court cannot review the state court's distribution of funds. *Reusser*, 525 F.3d at 859. If Jack Loumena believes that the funds were not distributed according to the state court's order, the appropriate remedy is a proceeding before the state court.

Accordingly, Plaintiff's § 1983 claim is a challenge to the final order of a state court. Such a claim is barred by the *Rooker-Feldman* doctrine, and the court thus dismisses without prejudice plaintiff's complaint for lack of subject matter jurisdiction. *See Kougasian,* 359 F.3d at 1139 (a dismissal for lack of subject matter jurisdiction should be without prejudice); *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) (same).

ORDER GRANTING MOTION TO DISMISS
5:14-cv-04165-LHK                              9

## IV. ORDER

For the reasons explained above, the Court GRANTS the motion to dismiss without prejudice.

**IT IS SO ORDERED**.

Dated: February 27, 2015

_____
Lucy H. Koh
United States District Judge